UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| STEPHEN A. ELEY, | Civil No. 03-6555 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| U.S. DEPARTMENT OF VETERAN AFFAIRS, | |
| Defendant. | |

---

Stephen A. Eley, 2320 Colfax Avenue South, Number 25, Minneapolis, MN 55405, *pro se* plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.


Stephen A. Eley brought this lawsuit against the U.S. Department of Veterans Affairs for employment discrimination, claiming that the Veterans Administration Medical Center ("VAMC") reassigned, suspended, and ultimately terminated his employment in retaliation for his filing of complaints with the Office of Resolution Management. Following a hearing, United States Magistrate Judge Franklin L. Noel recommended granting defendant's Motion for Summary Judgment. This matter is now before the Court on Eley's objections to the report and recommendation. The Court conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C)

and D. Minn. LR 72.2(b), and for the reasons set forth below, overrules plaintiff's objections and adopts the report and recommendation.

## BACKGROUND

Eley was employed as a janitor in the radiology department at the VAMC until his termination in 2002. In June 2001, Eley initiated a friendship with Kathryn Schoonover who worked as a medical clerk in the radiology department. Eley brought Schoonover gifts and made other advances toward her in the following months. Schoonover reported Eley's behavior to her supervisor in December 2001. She reported the persistent behavior to Eley's supervisor, Lucious Kearse, on June 21, 2002. On June 25, 2002, she filed a sexual harassment claim with the VAMC Equal Employment Opportunity ("EEO") manager. On June 27, 2002, she received a temporary restraining order against Eley.

The VAMC reassigned Eley to a different department on June 25, 2002, and he was told not contact Schoonover during the investigation of her harassment claim. On June 27, 2002, Eley contacted the Office of Resolution Management claiming that his reassignment constituted harassment. He additionally alleged that the reassignment was retaliation for his prior EEO activity stemming from his lack of promotion.

After an informal investigation of Schoonover's harassment claim, VAMC director Stephen Kleinglass determined that the Administrative Investigation Board ("AIB") should convene to formally investigate the matter. Eley was required to appear before the AIB on August 14, 2002, but he refused to attend. His refusal, and his

allegedly disrespectful behavior towards his supervisor, resulted in a three-day suspension, proposed on August 22, 2002. Eley was issued written notice of another AIB meeting, which indicated that he would face disciplinary or adverse action if he did not appear. Eley never attended an AIB meeting.

The AIB ultimately concluded that Eley sexually harassed Schoonover, failed to follow supervisor instructions not to contact her, and violated VAMC policy and supervisory orders when he failed to appear before the AIB. The AIB recommended that strong disciplinary action be taken against Eley.

On September 30, 2002, Eley received a letter of "proposed removal." The letter charged that Eley had committed five workplace infractions that justified his removal: (1) refusal to comply with an order to report to the AIB; (2) absence without leave; (3) rude and inappropriate behavior toward others; (4) failure to follow an instruction from a supervisor; and (5) sexual harassment. The letter advised Eley of his rights to challenge the proposal and indicated that Kleinglass had not made a final decision on the proposed termination. Eley did not respond to the notice of proposed removal, and on October 18, 2002, Kleinglass sustained all five grounds for removal and terminated Eley's employment, effective November 1, 2002. Eley received the notice of removal on October 22, 2002. The notice advised him of the administrative remedies and appeals processes available to him.

The Office of Resolution Management consolidated Eley's multiple EEO and administrative claims on December 11, 2002. The EEO issued an Investigative Summary and Analysis Report, and on April 10, 2003, defendant issued a Final Agency Decision

denying Eley relief on all claims.  Eley appealed the decision to the Merit Systems Protection Board, and on August 22, 2003 an administrative law judge ruled that Eley had been discharged for good cause and that there were no circumstances mitigating the removal from service.

Eley brought this lawsuit on February 23, 2004 alleging that the VAMC reassigned, suspended, and terminated him in retaliation for his EEO activity in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a).  Defendant moved for summary judgment, arguing Eley failed to state a prima facie case of retaliation.  Alternatively, defendant argued the claims should be dismissed because Eley failed to demonstrate that the VAMC's reasons for terminating Eley were pretextual.  The Magistrate Judge recommended granting defendant's motion for summary judgment.

## ANALYSIS

Plaintiff objects to the report and recommendation and argues that the VAMC's reasons for his reassignment, suspension, and termination are unfounded.  As explained fully below, plaintiff has offered no evidence that the proffered reasons were a pretext for retaliation.

**I.     Applicable Legal Standards**

    **A.     Summary Judgment**

Summary judgment is appropriate where the moving party establishes that there is no genuine issue of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  A fact is material if it might affect

the outcome of the suit, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of any reasonable inferences that can be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

### B.    Retaliation Claim

A claim for retaliation is based on "an employer's actions taken to punish an employee who makes a claim of discrimination." *Haas v. Kelly Services, Inc.*, 409 F.3d 1030, 1036 (8th Cir. 2005). Title VII makes unlawful any employment practice that discriminates against an employee for opposing any practice made an unlawful employment practice by Title VII. 42 U.S.C. § 2000e-3a.

Title VII retaliation claims are analyzed under the three-part burden shifting standard enunciated in *McDonnell Douglas*. 411 U.S. 792 (1973); *see, e.g.*, *Eliserio v. USW, Local 310*, 398 F.3d 1071, 1078 (8th Cir. 2005). To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in protected activity; (2) the employer took adverse employment action against him; and (3) the adverse action was causally linked to the protected activity. *Id.* Once a plaintiff establishes a prima facie case of retaliation, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for its actions. *Henthorn v. Capitol Commc'ns, Inc.*, 359 F.3d 1021, 1028 (8th Cir. 2004). If the employer can offer a legitimate,

nondiscriminatory reason, the burden shifts back to the plaintiff to demonstrate that the proffered reason is a pretext. *Id.*

## II.     Defendant Demonstrates Legitimate Reasons to Reassign, Suspend, and Terminate Plaintiff's Employment

Defendant concedes that Eley has shown the first two elements of a prima facie case of retaliation.  Eley engaged in protected activity under Title VII because he filed two complaints with the EEO, and Eley's reassignment, suspension, and termination constitute adverse employment actions.  Defendant argues that Eley has not, however, demonstrated that the adverse employment actions were causally linked to his EEO activity.

The timing of a plaintiff's discharge in relation to his protected activity can sometimes establish causation for the purpose of establishing a prima facie case. *Sherman v. Runyon*, 235 F.3d 406, 410 (8th Cir. 2000).  Here, the alleged retaliation occurred shortly after Eley's most recent EEO activity.  Viewing the facts in the light most favorable to plaintiff, the Court assumes plaintiff has established a prima facie case of retaliation.  Plaintiff's claim should nevertheless be dismissed because defendant has offered legitimate, non-retaliatory reasons to reassign, suspend, and terminate plaintiff's employment and plaintiff has offered no evidence that those reasons are pretextual.

### A.     Plaintiff's Reassignment

Eley was notified of his reassignment to a different department on June 25, 2002. The reassignment stemmed from Schoonover's June 21, 2002 report to Kearse regarding

Eley's alleged harassing behavior. During the EEO investigation, ORM investigator testified that Eley was reassigned pursuant to VAMC policy. The policy requires that the VAMC separate alleged victims of sexual harassment from the alleged harasser until the investigation of such a claim is finished. Additionally, the Temporary Restraining Order issued by the Hennepin County District Court prohibited Eley from having any contact with Schoonover. Under these circumstances, the Court finds that the VAMC reassigned Eley for legitimate, non-retaliatory reasons.

### B.   Plaintiff's Suspension

Eley was suspended for refusing to obey a direct order and for disrespectful conduct toward a supervisor. Eley refused to obey a direct order when Kearse instructed him to appear before the AIB on August 14, 2002. Eley told Kearse that he would not attend the meeting and that Kearse should not send him any more AIB notices. The VAMC requires all employees to participate in the AIB process. While Eley admits that he was required to participate in the process, he did not do so. Based on Eley's refusal to participate in the AIB process, the VAMC had a legitimate reason to suspend him.

### C.   Plaintiff's Termination

Eley received a notice of proposed removal on September 30, 2002. The VAMC set forth five infractions of workplace rules that justified his termination, including Eley's refusal to report to the AIB. Eley did not respond to the charges, despite the opportunity to do so, and Kleinglass subsequently sustained all five grounds for removal and terminated Eley on October 18, 2002.

Because defendant has shown legitimate, non-retaliatory reasons for the adverse employment actions taken against plaintiff, plaintiff bears the burden to prove by a preponderance of the evidence that the legitimate reasons offered were not defendant's true reasons for its actions.

### III.   Plaintiff Offers No Evidence Of Pretext

Eley has provided no evidence that defendant's proffered reasons for the adverse employment actions were pretextual.  Eley argues that his supervisors conspired against him and forced Schoonover into making false accusations of sexual harassment against him, but Eley does not dispute that he refused to report to the AIB.

Schoonover's claim of sexual harassment was investigated by the AIB, which was composed of three impartial members and a technical advisor.  Eley alleges that the AIB was unfair, but offers no evidence that the AIB investigation and findings were a pretext for retaliation.  Because the VAMC acted reasonably and in good faith on the AIB's investigation and recommendation, whether it correctly concluded that Eley engaged in sexual harassment is immaterial.  *See Euerle-Wehle v. United Parcel Service*, 181 F.3d 898, 900 (8th Cir. 1999) ("Whether UPS correctly concluded that Euerle-Wehle had committed serious violations of company policy that warranted her termination is not material, because UPS acted reasonably and in good faith in its investigation.").

Defendant offered legitimate, non-retaliatory reasons for taking adverse employment action against Eley.  Eley has no evidence that the legitimate reasons offered were not defendant's true reasons for its actions.  Accordingly, the Court concludes that

plaintiff is entitled to no relief, and that defendant's motion for summary judgment must be granted.

## CONCLUSION

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 42] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 41]. Accordingly, **IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment [Docket No. 25] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   January 25, 2006  
at Minneapolis, Minnesota.

       s/ John R. Tunheim\_  
       JOHN R. TUNHEIM  
       United States District Judge